UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:18-cv-24007-FAM**

FANNY MORA,

    Plaintiff,

v.

K KAI SALON, LLC et al.,

    Defendants.

_____/

**DEFENDANT'S ANSWER AND STATEMENT OF
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, K KAI SALON, LLC ("K KAI SALON" or "Defendant"), responds to the First Amended Complaint filed by Plaintiff FANNY MORA ("Plaintiff") as follows:

**GENERAL ALLEGATIONS**

1. Defendant admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"); however, Defendant denies that Plaintiff's claims are viable or that Plaintiff is entitled to any of the relief requested.

2. Defendant is without sufficient knowledge to form a basis as to the truth or falsity of the allegations contained in the first sentence of Paragraph 2. The remaining allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Defendant, K Kai Salon, admits that its principal place of business is located in Miami-Dade County, Florida.

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendant, K Kai Salon, admits only that Defendant Susanna Buhler is a member of K Kai Salon.

5. The allegations contained in Paragraph 5 of the Amended Complaint are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 of the Amended Complaint are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant states that it lacks knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6, and therefore, denies the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 of the Amended Complaint are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant states that it lacks sufficient knowledge to form a belief as the truth or falsity of the allegations contained in Paragraph 7, and therefore, denies the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Southern District of Florida is the proper venue for this action, but denies that Plaintiff is entitled to any relief. The remaining allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant, denies the allegations contained in Paragraph 9 and demand strict proof thereof.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. The allegations contained in Paragraph 10 of the Amended Complaint are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant is without sufficient knowledge to admit or denies the allegations contained in Paragraph 21, except to admit that Plaintiff is represented by Counsel.

## **COUNT I**
### *Wage & Hour Federal Statutory Violation Against K KAI SALON, LLC*

22. Defendant re-alleges and incorporates by reference its response to paragraphs 1-21 as though fully stated herein.

23. Defendant admits that Plaintiff purports to bring this action pursuant to the FLSA, but denies that Plaintiff is entitled to any relief; Defendant further denies that this action is suitable for collective action treatment.

24. Defendant admits that Plaintiff purports to quote sections of the FLSA in Paragraph 24, but denies that Plaintiff is entitled to any relief.

25. Defendant admits that this Court has jurisdiction over FLSA actions, but denies that Plaintiff is entitled to any relief; Defendant further denies that this action is suitable for collective action treatment.

26. Defendant denies the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 are legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

28. The allegations contained in Paragraph 28 are legal conclusions to which no response is required; however, to the extent a response is required; Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits that Plaintiff purports to recover unpaid overtime wages, but denies that Plaintiff is entitled to any of the relief she requests, and further denies that it violated the FLSA.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 of the Amended Complaint contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained in Paragraph 32. In

response to the *ad damnum* clause immediately following Paragraph 32, and its subparts (A) through (E), Defendant denies that Plaintiff is entitled to any relief. Further, Defendant demands that Plaintiff take nothing by way of her Amended Complaint, that final judgment be entered in favor of Defendant, that Defendant be awarded costs and attorney's fees incurred in defending this action, and such other relief as this Court deems just and proper.

## **COUNT II**
### *Wage & Hour Federal Statutory Violation Against SUSANNA BUHLER*

33.     Defendant re-alleges and incorporates by reference its response to paragraphs 1-21 as though fully stated herein.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant admits that Plaintiff purports to quote sections of the FLSA in Paragraph 35, but denies that Plaintiff is entitled to any relief.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     The allegations contained in Paragraph 37 are legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained in Paragraph 37.

38.     The allegations contained in Paragraph 38 are legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations of Paragraph 38.

39.     The allegations contained in Paragraph 39 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 39 and, further denies that Plaintiff is entitled to the requested relief in the ad damnum clause

following Paragraph 39.

## COUNT III
### *Wage & Hour Federal Statutory Violation Against LE SISTERS, LLC*

40. Defendant re-alleges and incorporates by reference its response to paragraphs 1-2, 5-10, 12-211 as though fully stated herein.

41. The allegations contained in Paragraph 41 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 41.

42. The allegations contained in Paragraph 42 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 42.

43. The allegations contained in Paragraph 43 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 43.

44. The allegations contained in Paragraph 44 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 44.

45. The allegations contained in Paragraph 45 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 45.

46. The allegations contained in Paragraph 46 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 46.

47. The allegations contained in Paragraph 47 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits, that Plaintiff purports to recover unpaid wages, but denies that Plaintiff is entitled to such relief.

48. The allegations contained in Paragraph 48 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 48.

49. The allegations contained in Paragraph 49 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 49.

50. The allegations contained in Paragraph 50 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 50 and, further denies that Plaintiff is entitled to the requested relief in the ad damnum clause following Paragraph 50.

## **COUNT IV**
### *Wage & Hour Federal Statutory Violation Against TRINH T LE*

51. Defendant re-alleges and incorporates by reference its response to paragraphs 1-2, 5-10, 12-21 of the First Amended Complaint as though fully stated herein.

52. The allegations contained in Paragraph 52 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 52.

53. The allegations contained in Paragraph 53 are not directed towards

Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 53.

54. The allegations contained in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 54.

55. The allegations contained in Paragraph 55 are legal conclusions to which no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 55.

56. The allegations contained in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required; Defendant, upon information and belief, denies the allegations of Paragraph 56.

57. The allegations contained in Paragraph 57 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph57 and, further denies that Plaintiff is entitled to the requested relief in the ad damnum clause following Paragraph 57.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against DUYEN T LE*

58. Defendant re-alleges and incorporates by reference its response to paragraphs 1-2, 5-10, 12-21, as though fully stated herein.

59. The allegations contained in Paragraph 59 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 59.

60. The allegations contained in Paragraph 60 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 60, except to admit that Plaintiff purports to quote language from the FLSA.

61. The allegations contained in Paragraph 61 are legal conclusions to which no response is required. To the extent a response is required; Defendant, upon information and belief, denies the allegations of Paragraph 61.

62. The allegations contained in Paragraph 62 are legal conclusions to which no response is required. To the extent a response is required; Defendant, upon information and belief, denies the allegations of Paragraph 62.

63. The allegations contained in Paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 63.

64. The allegations contained in Paragraph 64 are not directed towards Defendant and, therefore, no response is required. To the extent a response is required, Defendant, upon information and belief, denies the allegations of Paragraph 64 and, further denies that Plaintiff is entitled to the requested relief in the *ad damnum* clause following Paragraph 64.

## **JURY DEMAND**

Defendant admits that Plaintiff demands trial by jury on all issues and counts of this Amended Complaint so triable as a matter of right; however, Defendant denies that there are any triable issues to be heard.

65. Defendant denies any allegation not specifically admitted herein.

## **STATEMENT OF DEFENSES**

As separate defenses and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

1. Plaintiff's claims are barred in whole or in part because Plaintiff or "all others similarly situated" (which the Defendant denies the existence of) was not employed by Defendant.

2. The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted, because Defendant is not a "joint employer" with any other named Defendants as contemplated by the FLSA.

3. To the extent that the period of time alluded to in the Amended Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 259, such claims of Plaintiff or other alleged "similarly situated individuals" (which the Defendant denies the existence of) are barred.

4. Plaintiff's claims and/or the claims of alleged "similarly situated individuals" (which the Defendant denies the existence of) are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation and the compensation of any alleged "similarly situated individuals" were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

5. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred, in whole or in part, by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

6. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

7. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, to the extent that the alleged work performed falls within the exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

8. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, to the extent that some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

9. Plaintiffs cannot satisfy the requirements of a collective action under the FLSA, and the claims asserted in the Amended Complaint are barred, because Plaintiff is similarly situated to the group of individuals she seeks to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

10. The types of claims alleged by Plaintiff on behalf of herself and group of individuals she purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

11. To the extent liability, affirmative defenses, and/or damages, if any, to each member of the alleged group Plaintiffs purport to represent are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective action violates the Defendant's rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution.

12. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, because Plaintiff has been fully compensated for all services performed.

13. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and/or any alleged "similarly situated individuals" were engaged in activities which were preliminary or postliminary to their principal activities.

14. Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred as Defendant did not act willfully within the meaning of the FLSA since it did not employ Plaintiff between two and three years prior to the filing of this action.

15. The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted to the extent that it is based on

a theory of successor liability as Plaintiff cannot establish a claim of successor liability against Defendant.

16. Defendant reserves the right to plead other affirmative defenses which may become known during the discovery of this case.

**WHEREFORE**, Defendant K KAI Salon respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) denies Plaintiff's demands and prayer for relief; (c) award Defendant costs and reasonable attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

Dated this 4th day of October, 2018.                    Respectfully submitted,

                              BY: /s/*Miguel A. Morel*
                              Jonathan A. Beckerman
                              Florida Bar No. 568252
                              E-mail:  jbeckerman@littler.com
                              Secondary: dperez@littler.com
                              Miguel A. Morel, Esq.
                              Florida Bar No. 89163
                              E-mail: mamorel@littler.com
                              Secondary:dperez@littler.com
                              LITTLER MENDELSON, P.C.
                              Wells Fargo Center
                              333 SE 2nd Avenue, Suite 2700
                              Miami, FL 33131
                              Telephone: (305) 400-7500
                              Facsimile:   (305) 603-2552

                              *Attorneys for Defendant*
                              *K KAI SALON LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of October 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: /s/   *Miguel A. Morel*
Miguel A. Morel, Esq.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

Brody M. Shulman, Esq.
Florida Bar No.: 92044
E-mail:  bshulman@rgpattorneys.com
Jason S. Remer, Esq.
Florida Bar No.: 165580
E-mail:  jremer@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile:  (305) 416-5005

**COUNSEL FOR DEFENDANTS
LE SISTERS, LLC, TRINH T LE, and
DUYEN T LE:**

Angelica M. Gentile, Esq.
Florida Bar No.: 102630
E-mail: agentile@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299
Facsimile: (786) 623-0915

**COUNSEL FOR DEFENDANT
K KAI SALON:**

Jonathan A. Beckerman, Esq.
Florida Bar No.: 0568252
E-mail: jabeckerman@littler.com
Miguel A. Morel, Esq.
Florida Bar No.: 89163
E-mail: mamorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552