UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:18-CV-24007-FAM

**FANNY MORA,**
and other similarly situated individuals,

    **Plaintiff(s),**

vs.

**K KAI SALON, LLC**,
a Foreign Limited Liability Company
**SUSANNA BUHLER**, individually,
**LE SISTERS, LLC**, a Florida Profit Company,
**TRINH T LE**, individually,
**DUYEN T LE**, individually,

    **Defendants.**
_____/

**[PROPOSED] FIRST AMENDED COMPLAINT**

Plaintiff, **FANNY MORA**, and other similarly situated individuals (hereinafter "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, who files this Second Amended Complaint against Defendants **K KAI SALON, LLC**, a Foreign Limited Liability Company, **SUSANNA BUHLER**, individually, **LE SISTERS, LLC**, a Florida Profit Company, **TRINH T LE**, individually, and **DUYEN T LE**, individually (collectively "Defendants"), and states as follows:

**JURISDICTION**

1. This is an action by the Plaintiff for damages pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wage and/or overtime compensation, an additional equal amount as liquidated

damages, reasonable attorneys' fees and costs. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b). Further, Plaintiff seeks damages pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statute Section 760 to redress injury done to Plaintiff by Defendants for discriminatory treatment on the basis of pregnancy and for retaliation.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Section 760, et seq.

3. Defendant **K KAI SALON, LLC**, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce. Further, Defendant **K KAI SALON, LLC** is a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

4. Defendant **SUSANNA BUHLER** is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, **K KAI SALON, LLC**.

5. Defendant **LE SISTERS, LLC**, having its main place of business and/or operating in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

6. Defendant **TRINH T LE** is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, **LE SISTERS, LLC**.

7. Defendant **DUYEN T LE** is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, **LE SISTERS, LLC**.

8. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

9. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**PLAINTIFF'S FACTUAL ALLEGATIONS AS TO PLAINTIFF'S FLSA CLAIMS**

10. Plaintiff was employed with Defendants **LE SISTERS, LLC, TRINH T LE,** and **DUYEN T LE** from approximately January 2017 until approximately November 2017.

11. Plaintiff was employed with Defendants **K KAI SALON, LLC** and **SUSANNA BUHLER** from approximately November 2017 until January 5, 2018.

12. Plaintiff worked for these Defendants as a non-exempt Nail Tech early $120.00 per day plus tips/commissions.

13. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and/or the State of Florida.

14. During the entire time period of January 2017 until on or about January 5, 2018, Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime

rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week.

15. During the relevant time period Plaintiff performed ten (10) hours of overtime each week for which Defendants failed to pay Plaintiff at the proper overtime rate.

16. At all times material hereto Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

17. During the relevant time period, Plaintiff was paid approximately one-hundred and twenty dollars ($120.00) per day or $720.00 per week ($120.00 x 6 days).

18. Therefore, Plaintiff's overtime rate is $21.60 [$720.00/50 hours = $14.40; $14.40 x 1.5 = $21.60] Plaintiff seeks this rate for each of Plaintiff's approximate ten (10) hours of unpaid overtime weekly.

19. As such, Plaintiff is owed a total of approximately $10,800.00 [$21.60 (overtime rate) (x) 10 (hours of overtime) (x) 50 weeks) in unliquidated overtime wages.

20. Plaintiff seeks the due and owing $10,800.00 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, thereby totaling $21.600.00.

21. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and has become obligated to pay the undersigned a reasonable attorney's fee.

### PLAINTIFF'S FACTUAL ALLEGATIONS AS TO PLAINTIFF'S DISCRIMINATION CLAIMS

22. While working for Defendant **K KAI SALON, LLC**, Plaintiff became pregnant in November 2017 and this was reported to the new owners Susanne Buhler and "Daniel".

23. After reporting her pregnancy to management of the business, Plaintiff would have clients taken away (thus losing on commissions) by management and be subject to lies from management to clients regarding Plaintiff's attendance and health in an attempt to drive clients from Plaintiff.

24. Plaintiff requested a reasonable accommodation in the form of doing pedicures to avoid standing for long periods of time. Management blatantly ignored plaintiff's request for this accommodation.

25. Finally, Plaintiff was terminated, on or about January 5, 2018, due to her pregnancy and in retaliation for requesting time off for doctor visits and a reasonable accommodation predicated on her pregnancy. Prior to her termination, Plaintiff was a qualified employee with a good track record with clients.

26. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
*Wage & Hour Federal Statutory Violation Against*
*K KAI SALON, LLC*

27. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 4,8-9-21 of this Second Amended Complaint as if set out in full herein.

28. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

29. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

31. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

32. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

33. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

34. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

35. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation Against*
*SUSANNA BUHLER*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 4,8-9-21 of this Second Amended Complaint as if set out in full herein.

39. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

40. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. At the times mentioned, Defendant SUSANNA BUHLER had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

42. Defendant BUHLER was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

43. Defendant BUHLER had operational control of the business and is thus jointly liable for Plaintiff's damages.

44. Defendant BUHLER willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant BUHLER:

A. Adjudge and decree that Defendant BUHLER has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant BUHLER is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

## COUNT III
*Wage & Hour Federal Statutory Violation Against*
**LE SISTERS, LLC**

45. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 2, 5-10-21 of this Second Amended Complaint as if set out in full herein.

46. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

47. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

48. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

49. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

50. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

51. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

52. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

53. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

54. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

55. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

    F.  Grant Plaintiff a Trial by Jury.

**COUNT IV**
*Wage & Hour Federal Statutory Violation Against*
**TRINH T LE**

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 2, 5-10-21 of this Second Amended Complaint as if set out in full herein.

57. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

58. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

59. At the times mentioned, Defendant **TRINH T LE** had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

60. Defendant **TRINH T LE** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

61. Defendant **TRINH T LE** had operational control of the business and is thus jointly liable for Plaintiff's damages.

62. Defendant **TRINH T LE** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **TRINH T LE**:

A. Adjudge and decree that Defendant **TRINH T LE** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **TRINH T LE** is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## COUNT V
*Wage & Hour Federal Statutory Violation Against*
**DUYEN T LE**

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 2, 5-10-21 of this Second Amended Complaint as if set out in full herein.

64. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

65. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

66. At the times mentioned, Defendant **DUYEN T LE** had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

67. Defendant **DUYEN T LE** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

68. Defendant **DUYEN T LE** had operational control of the business and is thus jointly liable for Plaintiff's damages.

69. Defendant **DUYEN T LE** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **DUYEN T LE**:

A. Adjudge and decree that Defendant **DUYEN T LE** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **DUYEN T LE** is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## COUNT VI
## DISCRIMINATION BASED ON PREGNANCY IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST K KAI SALON, LLC

70. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-3, 8-9, 22-26 of this Second Amended Complaint as if set out in full herein.

71. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms,

conditions, or privileges of employment, because Plaintiff's status as a pregnant individual.

72. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon an individual being pregnant.

73. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

74. Moreover, as a further result of the Defendant unlawful discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

75. Plaintiff was qualified for her position with Defendant.

76. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her status as a pregnant individual in the terms, conditions, and privileges of employment.

77. Defendant's actions through its supervisors were malicious and were reckless indifferent to the Plaintiff' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Plaintiff's status as a pregnant individual.

78. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay;

E. Award any other compensation allowed by law including attorney's fees (448.104); Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

F. Grant PLAINTIFF a trial by jury; and

G. Grant such other and further relief as the Court deems just and proper.

## COUNT VII
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST K KAI SALON, LLC

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3, 8-9, 22-26 of this Second Amended Complaint as if set out in full herein.

80. Defendant retaliated against Plaintiff because of her protected objections by wrongfully terminating her employment.

81. Defendant's actions were motivated because of Plaintiff's protected objections.

82. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, the Plaintiff respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay;

E. Award any other compensation allowed by law including attorney's fees (448.104); Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

F. Grant PLAINTIFF a trial by jury; and

G. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____

    Respectfully submitted,

    **REMER & GEORGES-PIERRE, PLLC**
    44 West Flagler Street, Suite 2200
    Miami, FL 33130
    Telephone: (305)416-5000
    Facsimile: (305)416-5005

    By: **/s/ Brody M. Shulman**
        Jason S. Remer, Esq.
        Fla. Bar No.: 0165580
        Brody M. Shulman, Esq.
        Fla. Bar No.: 092044
        Miriam Brooks, Esq.
        Fla. Bar No.: 0118144